UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE JACKSON, | Case No. 2:24-cv-3180-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| RICK HILL, *et al.*, | |
| Defendants. | |

Plaintiff, a former state inmate proceeding pro se, alleges that defendants, Rick Hill, Tracy Johnson, and Joseph Tuggle—each current or former wardens of Folsom State Prison—violated his Fifth, Eighth, and Fourteenth Amendment rights when plaintiff was exposed to COVID-19. ECF No. 1. Plaintiff's allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

### Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13     The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **Analysis**

21     Plaintiff alleges that a warden came to his cell and moved him to a different unit with
22 twelve other elderly, at-risk inmates—apparently to prevent the inmates from contracting
23 COVID-19. ECF No. 1 at 3. Plaintiff alleges that three weeks later, he contracted COVID-19.
24 *Id.* He alleges that he was then taken from his isolation unit and placed in another unit with other
25 COVID-infected inmates, where he remained sick. *Id.* He alleges that approximately seven more
26 infected inmates were brought to this unit to "integrate[] the virus into the population." *Id.*
27 Plaintiff alleges that COVID protocols were not followed and that he should have been placed in
28 a more isolated environment. *Id.* Plaintiff alleges these actions violated his Fifth, Eighth, and

Fourteenth Amendment rights; he has checked the box for "medical care" to identify the basis of his claim. *Id.*

To support his allegations, plaintiff attached various exhibits to his complaint, *id.* at 5-20, which I will consider for screening purposes, Fed. R. Civ. P. 10 (c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Relevant to the current claims, plaintiff provided a health care grievance form that he filed in June 2024, in which he complained that, between April 2020 and April 2021, Hill and unnamed prison officials were deliberately indifferent to his medical needs and failed to protect him. *Id.* at 9. Plaintiff stated that he had chronic obstructive pulmonary disease and was over the age of sixty-five, so he was at a higher risk of contracting COVID, which he ultimately did contract. *Id.* He stated that Hill and others intentionally introduced the unnecessary and wanton infliction of pain and stress, and that his illness had continued to magnify. *Id.* at 11. He complained that the prison's "intention to infect as many inmates as possible was crystal clear," and that he has continued to experience health issues due to the "malicious disregard" to his health. *Id.* at 10. California Correctional Health Care Services reviewed plaintiff's grievance and determined that no intervention was necessary. *Id.* at 5-8.

Plaintiff's complaint fails to state a claim. As an initial matter, the allegations in the complaint fail to connect any of the named defendants to any alleged wrongdoing. *See id.* at 3. However, in taking plaintiff's attached exhibits into consideration, it appears that plaintiff's allegations are against Hill. *See id.* at 9-11. Because plaintiff makes no allegations connecting defendants Johnson or Tuggle, plaintiff fails to state a claim against either of them. *See Martinez v. Virga*, No. 2:11-cv-0942-KJN (P), 2011 WL 1807442, at *2 (E.D. Cal. May 10, 2011) (dismissing a complaint for failure to state a claim because plaintiff "failed to include specific charging allegations for each defendant" demonstrating "how each named defendant [was] responsible for the alleged" wrongdoing).

Plaintiff's remaining claims against Hill fall short. First, it is unclear what provision plaintiff attempts to base his Fifth Amendment claim upon, as plaintiff merely asserts that his Fifth Amendment rights were violated. As best I can tell, plaintiff is raising a due process

3

challenge under the Fifth Amendment. But such claim cannot stand because Hill is a state actor, and the due process clause of the Fifth Amendment only applies to federal actors. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States[.]"); *see also O'Con v. Katavich*, No. 1:13-cv-1321-AWI-SKO, 2013 WL 6185212, at *6 (E.D. Cal. Nov. 26, 2013) ("Here, correctional officers at a state prison are state actors and none of their conduct is an action of the federal government. As such, the Fifth Amendment's Due Process Clause does not apply.").

Additionally, to the extent that plaintiff alleges Hill violated his due process rights under the Fourteenth Amendment, such allegation fails to state a claim. The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. The guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972); *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015). The "substantive component" of the "Fourteenth Amendment's guarantee of 'due process of law' . . . forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). Plaintiff makes no allegations explaining how his believes his due process rights were violated—he does not identify what process he was due that he did not receive, and he does not identify a constitutionally protected liberty or property interest at stake. *See generally* ECF No. 1. As a result, Plaintiff fails to allege a cognizable Fourteenth Amendment due process claim.

Plaintiff similarly fails to state a cognizable Eighth Amendment claim against Hill. While plaintiff indicated that his Eighth Amendment claim was premised on inadequate medical care, liberally construing his complaint, it appears that plaintiff is seeking to raise a failure to protect claim. Regardless of which theory plaintiff may be pursuing, he fails to state a claim.

An Eighth Amendment claim premised on prison officials' failure to protect a plaintiff requires the plaintiff to allege that the deprivation alleged was objectively sufficiently serious,

4

1    meaning the conditions posed a substantial risk of serious harm, and that the defendants were
2    deliberately indifferent to that harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be
3    deliberately different to a substantial risk of serious harm, defendants must be subjectively aware
4    of the risk and fail to take reasonable measures to prevent such risk. *Id.* at 847.

5    There is no question that COVID-19 poses a substantial risk of serious harm to inmates.
6    *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [COVID-
7    19] poses a substantial risk of serious harm" to prisoners.). However, plaintiff does not
8    sufficiently allege that Hill was deliberately indifferent to this substantial risk of harm. Plaintiff
9    alleges that he was moved into an isolation unit to be protected from contracting COVID-19.
10   ECF No. 1 at 3. In the isolation unit, plaintiff still caught COVID. *See id.* It was not until he
11   was already diagnosed with COVID-19 that Hill allegedly moved the plaintiff to a different unit
12   where other COVID-positive inmates were located. *See id.* Plaintiff's allegations hinge on the
13   complaint that he contracted COVID-19, but his allegations fail to sufficiently explain how Hill
14   failed to take reasonable measures to prevent such risk. *See Farmer*, 511 U.S. at 847. Thus, to
15   the extent plaintiff alleges an Eighth Amendment failure to protect claim, his complaint fails to
16   state such claim.

17   Plaintiff's Eighth Amendment medical-care-based claim fails for similar reasons. Like
18   the failure to protect claim, an Eighth Amendment claim premised on inadequate medical care
19   requires a plaintiff to allege that he had a sufficiently serious medical need, and the defendant was
20   deliberately indifferent to that need. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062,
21   1081 (9th Cir. 2013). The deliberate indifference showing requires plaintiffs to allege "(a) a
22   purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm
23   caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

24   Plaintiff fails to sufficiently allege that Hill was deliberately indifferent to his medical
25   needs. Based on the complaint, Hill moved plaintiff to a different unit to protect plaintiff and
26   others from contracting COVID. ECF No. 1 at 3. Once plaintiff contracted COVID, Hill moved
27   him to another unit to keep him with other COVID-positive inmates. *Id.* These allegations fail to
28   state how Hill failed to reasonably respond to plaintiff's medical needs; Hill moved plaintiff to

5

prevent plaintiff from contracting COVID in the first place. *See Jett*, 439 F.3d at 1096. To the extent plaintiff's complaint hinges on him being moved to a COVID-positive unit, he similarly fails to allege that Hill's actions in moving an already COVID-positive plaintiff to a unit with other COVID-positive inmates amounts to deliberate indifference.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    March 5, 2025                                                                     
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE